[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-10015

Non-Argument Calendar

_____

EFFIE WILLIAMS,

Plaintiff-Appellant,

*versus*

WALMART, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-01488-ACC-EJK

_____

Before JILL PRYOR, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Effie Williams says Walmart singled her out because of her race. Walmart says it stopped her because she tried to leave the store with items she did not purchase. After reviewing the surveillance footage and the parties' evidence, the District Court granted summary judgment for Walmart. After careful review, we affirm.

**I.**

Williams was a regular customer at a Walmart in Ocoee, Florida. Her claims stem from three visits to the store in July 2022.

On July 6, she went through self-checkout with a full cart. A Black Walmart associate assisted by scanning Williams's items. Williams paid and left without issue. Although she later expressed discomfort with the help, alleging that she was being "profiled," A loss prevention associate and manager asked her not to open shoeboxes on the sales floor because employees were in the process of stocking merchandise. Williams noticed other customers nearby who were not similarly approached and believed the instruction was racially motivated. But the store allowed her to complete her purchase after a supervisor intervened.

On July 8, Williams returned to Walmart and again used self-checkout. Surveillance video shows that while scanning and bagging items, she placed two articles of clothing—a child's nightgown and a men's shirt—into her bag without scanning them. Store employees stopped Williams near the exit, reviewed her

25-10015                Opinion of the Court                3

receipt, and declined to let her leave with the unscanned items. They also informed her that she could not return to that location.

Williams sued Walmart under 28 U.S.C. § 1981 and for intentional infliction of emotional distress under Florida Law. The District Court granted summary judgment to Walmart on both claims. Williams only appeals the disposition of her § 1981 claim.

## II.

We review de novo a district court's grant of summary judgment. *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 890 (11th Cir. 2007). Summary judgment is appropriate when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). While we view the facts in the light most favorable to the nonmovant, we do not accept a version of events that is clearly contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007).

To prevail under § 1981, a plaintiff must show that (1) she is a member of a racial minority, (2) the defendant intended to discriminate against her based on race, and (3) the discrimination concerned the making or enforcement of a contract. *Kinnon*, 490 F.3d at 891.

Williams meets the first element. But the record does not support the second or third. As to the third element, Williams admits that she was able to complete her purchases. That admission forecloses any genuine dispute over whether Walmart impaired her contractual rights. *See, e.g.*, *Lopez v. Target Corp.*, 676 F.3d 1230, 1233–35 (11th Cir. 2012) (finding no § 1981 claim where the plaintiff

completed his purchase). As for intent, nothing in the record shows that Walmart acted because of Williams's race.

At bottom, Williams's claim rests on her own impression of unfairness. But § 1981 demands more than a sense of disparate treatment—it requires evidence of purposeful discrimination. That evidence is missing here.

## III.

The District Court correctly held that no reasonable jury could find for Williams on the evidence presented. Summary judgment was appropriate.

**AFFIRMED.**